IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ARTHUR O. ARMSTRONG : CIVIL ACTION
:
v. :
: No. 00-36
BARBARA A. FEIN, et al. :

**MEMORANDUM**

Ludwig, J. November 25, 2009

This is a civil rights action arising from state court mortgage foreclosure proceedings. On February 8, 2000, the late Honorable Clarence C. Newcomer dismissed with prejudice plaintiff's claims in this action.[1] Docket no. 6. Plaintiff's subsequently filed motions for reconsideration and summary judgment were denied, and plaintiff ordered not to file "any action similar or identical in substance to the action dismissed herein without leave of court." April 4, 2000 order, docket no. 11. Further motions for relief were denied as meritless by the district court, August 12, 2002 order, docket no. 19, and a petition for writ of mandamus was denied by the Court of Appeals, June 22, 2005 order, docket no.28.

Plaintiff now requests that this action be re-opened, and that his amended complaint and motion for summary judgment be accepted for filing. The proposed amended complaint

---

[1] This is one of more than twenty actions filed in this district by plaintiff Arthur O. Armstrong. See Armstrong v. School Dist. of Phila., 1999 WL 773507, at *1 (E.D. Pa. Sept. 29, 1999) (describing plaintiff's litigation history and enjoining plaintiff "from filing any further papers in any case, either pending or terminated, in the Eastern District of Pennsylvania, without first obtaining leave of this Court.") Plaintiff has also been sanctioned and enjoined from engaging in abusive litigation in the United State District Court for the Middle District of North Carolina, Durham Division. See Armstrong v. Koury Corp., 16 F.Supp.2d 616 (M..D.N.C. 1998).

attached to docket no. 31 refers to conduct of the defendants that occurred, at the latest, on November 10, 1998, when, according to the proposed amended complaint, plaintiff's residential property was sold at sheriff's sale. Proposed amended complaint, ¶ 26.

Plaintiff does not explain why this court's review of an eleven-year-old state court mortgage foreclosure action is not barred by the applicable statute of limitations, principles of res judicata, or the *Rooker–Feldman* doctrine, and does not explain what state action forms the basis of his claim. Nanya-Nashut v. Centex Home Equity Corp., 2003 WL 22871667, at *2 (E.D. Pa., Dec. 2, 2003), citing Shipley v. First Fed. Sav. & Loan Ass'n. of Del., 703 F. Supp. 1122, 1129-301 (D. Del. 1998), aff'd, 877 F.3d 57 (3d Cir. 1987) ("Even when a bank and an attorney utilize state foreclosure procedures, that will not constitute state action."). He does not explain how his proposed amended complaint "cures all defects" found by Judge Newcomer.

Plaintiff's request to pursue this litigation is meritless and his motions must be denied.

BY THE COURT:


 /s/ Edmund V. Ludwig  
Edmund V. Ludwig, J.